H. P. HOWELL, administrator, plaintiff in error, *vs.* C. C. GREEN, defendant in error,

Counsel for defendant in error had the record, and was absent when the cause was called. The Court postponed the cause till the record was produced. (R.)

The bill of exceptions not having been served, the writ of error was dismissed. (R.)

This was a *certiorari* from Cobb county.

When it was called on the docket for a hearing, counsel for defendant in error was absent, and had the record. The Court postponed the cause till he could bring the papers into Court. Meanwhile he was served with a rule to show cause why he should not be punished for having said papers out of office. He appeared, and showed cause satisfactory to the Court. The rule was discharged, and then the cause was called for a hearing.

The bill of exceptions had never been served, and for that reason the writ of error was dismissed.

GARTRELL & WINN, for plaintiff in error.

GEORGE N. LESTER, for defendant in error.

———————

T. J. SPRIGGS, executor, plaintiff in error, *vs.* ZION SPRIGGS, *et al.*, defendants in error.

It did not appear that the bill of exceptions was filed in the office of the Clerk of the Court below, as required by law, and the writ of error was dismissed. (R.)

This was *mandamus* from Lumpkin.

Counsel for plaintiff in error had filed his brief. After the bill of exceptions and said brief had been read to the Court, counsel representing defendants in error discovered that the bill of exceptions had no entry upon it, showing